No. 13-1236 – *State of West Virginia ex rel. Carl L. Harris, Prosecuting Attorney for Fayette County, West Virginia v. The Honorable John W. Hatcher, Jr., Judge of the Circuit Court of Fayette County, West Virginia, and Steven R. Malay, Sr.*

**FILED**

July 18, 2014

**RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA**

Benjamin, Justice, concurring:

I agree with the majority opinion that the State is entitled to relief in prohibition because the trial court exceeded its legitimate authority in dismissing six counts of the indictment charging Mr. Malay with sexual abuse by a parent, guardian, custodian, or person in a position of trust. I also agree with syllabus point 4 of the majority opinion which holds that whether a person charged with a crime under W. Va. Code § 61-8D-5 (2010), is a custodian or person in a position of trust in relation to a child is a question of fact for the jury to determine. I write separately to state my unequivocal belief that there is sufficient evidence in the instant case for a jury to find that Mr. Malay was a person in a position of trust in relation to B.F.H.

My analysis of this case is similar to the analysis in my dissenting opinion in the case of *State v. Longerbeam*, 226 W. Va. 535, 703 S.E.2d 307 (2010). In Longerbeam, the appellant was convicted of sexual abuse by a parent, guardian, custodian, or person in a position of trust for touching the breast of his twelve-year-old niece through her clothing. When the incident occurred, the appellant and his wife had been called to the home of the victim in order to help her and her younger sister catch a

loose hamster. The girls' parents were not home at the time, and their older sister, who was sixteen years of age, was sleeping. The majority reversed the appellant's conviction after finding that the appellant was not a custodian of the victim or in a position of trust over the victim.

In my dissent in *Longerbeam*, I indicated that viewing the evidence in the light most favorable to the prosecution, per our standard of reviewing the sufficiency of the evidence set forth in *State v. Guthrie*, 194 W. Va. 657, 461 S.E.2d 163 (1995), there was sufficient evidence "that the appellant and his wife were viewed by the children as persons in positions of trust who were in control of the children at the time the appellant committed the offense for which he was convicted." *Longerbeam*, 226 W. Va. at 542, 703 S.E.2d at 314. I went on to explain:

> The evidence indicates that the appellant was the victim's uncle by marriage, and the appellant had access to the victim due to this fact. Further, the appellant's access to the victim presupposed an assumption of control and supervision in that the children called the appellant and his wife for help in catching a loose hamster instead of waking their older sister.

*Id.*

Similarly, in the instant case, Mr. Malay had access to the alleged victim due to the fact that the alleged victim rode to and from school on the school bus driven by Mr. Malay. As her school bus driver, Mr. Malay was an authority figure to the alleged victim, and he exercised care and control over her while she was on the school bus. It was

in his capacity as the alleged victim's school bus driver that he became acquainted with her and initiated the contact that ultimately resulted in the charges against him. From these facts, I believe that a jury could find beyond a reasonable doubt that Mr. Malay was a person in a position of trust over the alleged victim at the time that the alleged illegal acts occurred. The majority was incorrect in its analysis in *Longerbeam* – an error which has been corrected here. For this reason, I concur.